**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| MOODY WOODROW TANKSLEY, | ) | No. CV 11-6543-PSG(CW)[1] |
| | ) | |
| Plaintiff, | ) | MEMORANDUM AND ORDER |
| | ) | DISMISSING COMPLAINT |
| v. | ) | WITH LEAVE TO AMEND |
| | ) | |
| ATASCADERO STATE HOSPITAL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

The pro se plaintiff is a person in state custody, at Atascadero State Hospital, seeking to proceed in forma pauperis, on a civil rights complaint naming governmental defendants. This complaint was received on August 4, 2011, and was filed on September 16, 2011 (as docket no. 4), pursuant to the court's Order re Leave to File Action Without Prepayment of Filing Fee. [Docket no. 3.] For reasons stated below, the Complaint is dismissed with leave to amend.

---

[1] Plaintiff has another pending civil rights action in this court, No. CV 11-4871. This Order concerns only No. CV 11-6543.

## STANDARD OF REVIEW

Complaints such as Plaintiff's are subject to the court's <u>sua sponte</u> review under provisions of the Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). <u>See</u> 28 U.S.C. § 1915A(a). The court shall dismiss such a complaint, at any time, if the court finds that it (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief from a defendant immune from such relief. <u>See</u> 28 U.S.C. § 1915(e)(2)(B)(<u>in forma pauperis</u> complaints); <u>Lopez v. Smith</u>, 203 F.3d 1122, 1126-27 and n.7 (9th Cir. 2000)(en banc).

PLRA review for failure to state a claim applies the same standard applied in reviewing a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). <u>See</u> <u>Barren v. Harrington</u>, 152 F.3d 1193, 1194 (9th Cir. 1998). A Rule 12(b)(6) motion to dismiss for failure to state a claim tests the legal sufficiency of a claim for relief. <u>Navarro v. Block</u>, 250 F.3d 729, 732 (9th Cir. 2001). "In deciding such a motion, all material allegations of the complaint are accepted as true, as well as all reasonable inferences to be drawn from them." <u>Id.</u> "A Rule 12(b)(6) dismissal may be based on either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" <u>Johnson v. Riverside Healthcare System</u>, 534 F.3d 1116, 1121 (9th Cir. 2008)(<u>quoting</u> <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990)). A complaint may also be dismissed for failure to state a claim if it discloses a fact or defense that necessarily defeats the claim. <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1228-29 (9th Cir. 1984)(<u>citing</u> 2A Moore's <u>Federal Practice</u> ¶ 12.08).

Possible failure to state a claim is reviewed in light of the

1  pleading standard of Fed. R. Civ. P. 8(a)(2), which requires that a
2  complaint must contain a "short and plain statement of the claim
3  showing that the pleader is entitled to relief."  The Supreme Court
4  has explained the pleading requirements of Rule 8(a)(2) and the
5  requirements for surviving a Rule 12(b)(6) motion to dismiss in
6  <u>Ashcroft v. Iqbal</u>, ___ U.S. ___, 129 S. Ct. 1937, 173 L. Ed. 2d 868
7  (2009)("<u>Iqbal</u>"), <u>Erickson v. Pardus</u>, 551 U.S. 89, 127 S. Ct. 2197, 167
8  L. Ed. 2d 1081 (2007)(per curiam), and <u>Bell Atlantic Corp. v. Twombly</u>,
9  550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); <u>see also</u> <u>Moss
10 v. U.S. Secret Service</u>, 572 F.3d 962 (9th Cir. 2009).
11      The pleading standard of Rule 8 does not require "detailed
12 factual allegations."  <u>Iqbal</u>, 129 S. Ct. at 1949 (<u>quoting</u> <u>Bell
13 Atlantic</u>, 550 U.S. at 555); <u>see also</u> <u>Erickson</u>, 551 U.S. at 93; <u>Moss</u>,,
14 572 F.3d at 968.  However, a complaint does not meet the pleading
15 standard if it contains merely "labels and conclusions" or "a
16 formulaic recitation of the elements of a cause of action." <u>Iqbal</u>,
17 129 S. Ct. at 1949 (<u>quoting</u> <u>Bell Atlantic</u>, 550 U.S. at 555).  Instead,
18 to comply with the requirements of Rule 8(a)(2) and survive a motion
19 to dismiss under Rule 12(b)(6), "a complaint must contain sufficient
20 factual matter, accepted as true, to 'state a claim to relief that is
21 plausible on its face.'"  <u>Iqbal</u>, 129 S. Ct. at 1949 (<u>quoting</u> <u>Bell
22 Atlantic</u>, 550 U.S. at 570).  "A claim has facial plausibility when the
23 plaintiff pleads factual content that allows the court to draw the The
24 pleading standard of Rule 8 does not require "detailed factual
25 allegations."  <u>Iqbal</u>, 129 S. Ct. at 1949 (<u>quoting</u> <u>Bell Atlantic</u>, 550
26 U.S. at 555); <u>see also</u> <u>Erickson</u>, 551 U.S. at 93; <u>Moss</u>,, 572 F.3d at
27 968.  However, a complaint does not meet the pleading standard if it
28 contains merely "labels and conclusions" or "a formulaic recitation of

the elements of a cause of action." Iqbal, 129 S. Ct. at 1949 (quoting Bell Atlantic, 550 U.S. at 555). Instead, to comply with the requirements of Rule 8(a)(2) and survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S. Ct. at 1949 (quoting Bell Atlantic, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Bell Atlantic, 550 U.S. at 556). This plausibility standard is not a probability requirement, but does ask for more than mere possibility; if a complaint pleads facts "merely consistent with" a theory of liability, it falls short of "the line between possibility and plausibility." Iqbal, 129 S. Ct. at 1949 (quoting Bell Atlantic, 550 U.S. at 557).[2]

The Supreme Court has set out a two-pronged approach for reviewing possible failure to state a claim. Iqbal, 129 S. Ct. at 1949-50; see also Moss, 572 F.3d at 969-70. First, the reviewing court may identify statements in a complaint that are actually conclusions, even if presented as factual allegations. Iqbal, 129 S.

---

[2] In Starr v. Baca, 633 F.3d 1191 (9th Cir. 2011), the Ninth Circuit discussed apparent differences in recent Supreme Court cases on the pleading standard under Rule 8(a), but concluded that, "whatever the difference between these cases, we can at least state the following two principles common to all of them. First, allegations in a complaint . . . must be sufficiently detailed to give fair notice to the opposing party of the claim so that the party may effectively defend against it. Second, the allegations must be sufficiently plausible that it is not unfair to require the opposing party to be subjected to the expense of discovery." Starr, 633 F.3d at 1204.

1  Ct. at 1949-50.  Such conclusory statements (unlike factual
2  allegations) are not entitled to a presumption of truth.  <u>Id.</u>  Here,
3  it is the conclusory nature of the statements (rather than any
4  fanciful or nonsensical nature) "that disentitles them to the
5  presumption of truth."  <u>Id.</u> at 1951.  Second, the court presumes the
6  truth of any remaining "well-pleaded factual allegations," and
7  determines whether these allegations and reasonable inferences from
8  them plausibly support a claim for relief.  <u>Id.</u> at 1950; <u>see also</u>
9  <u>Moss</u>, 572 F.3d at 969-70.

10       If the court finds that a complaint should be dismissed for
11  failure to state a claim, the court has discretion to dismiss with or
12  without leave to amend.  <u>Lopez v. Smith</u>, 203 F.3d 1122, 1126-30 (9th
13  Cir. 2000)(en banc).  Leave to amend should be granted if it appears
14  possible that the defects in the complaint could be corrected,
15  especially if the plaintiff is <u>pro se</u>.  <u>Id.</u> at 1130-31; <u>see also</u> <u>Cato</u>
16  <u>v. United States</u>, 70 F.3d 1103, 1106 (9th Cir. 1995).  If, however,
17  after careful consideration, it is clear that a complaint cannot be
18  cured by amendment, the court may dismiss without leave to amend.
19  <u>Cato</u>, 70 F.3d at 1107-11; <u>see also</u> <u>Moss</u>, 572 F.3d at 972.

20                    **PLAINTIFF'S ALLEGATIONS AND CLAIMS**

21       Plaintiff is a patient at the Atascadero State Hospital.
22  [Complaint ("Cpt.") at 1-3.]  Plaintiff does not make clear whether he
23  is also a prisoner, under a state court conviction, or is a non-
24  prisoner detainee (either pre-trial or on a civil commitment), or is
25  at Atascadero State Hospital on some other basis.  In the caption of
26  the Complaint Plaintiff names as defendants "Atascadero State Hospital
27  Staff, et al."  [Cpt. at 1.]  In the body of the Complaint, Plaintiff
28  names five individual defendants, in an individual capacity only, as:

Frank Jr. Uri, Aforma Edolum, Mike Lacey, Colleen Garren, and W. Wu. [Cpt. at 3-4.]

Plaintiff alleges that, on August 23, 2011, he complained of pains in his chest, neck, and legs, and requested a wheelchair from all the named Defendants. [Cpt. at 5.] Defendants denied Plaintiff medication and denied him a wheelchair. [Id.]

Plaintiff claims that this amounted to retaliation against Plaintiff for exercising his First Amendment rights by filing law suits against Atascadero State Hospital, and that it also amounted to deliberate indifference to his serious medical needs in violation of the Eighth Amendment. [Id.] Plaintiff seeks monetary damages and other relief under 42 U.S.C. § 1983. [Id. at 5-6.]

**GROUNDS FOR DISMISSAL**

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must plead that a defendant, acting under color of state law, deprived the plaintiff of a right secured by the federal constitution or laws. See, e.g., Ortez v. Washington County, 88 F.3d 804, 810 (9th Cir. 1996). The plaintiff must set forth factual allegations with sufficient particularity to give a defendant "fair notice of the type of claim being pursued." Id. Here, Plaintiff has asserted claims that he was subjected to retaliation, in violation of the First Amendment, and deliberate indifference to serious medical needs, in violation of the Eighth Amendment, by defendants acting under color of state law.

On the other hand, Plaintiff has not articulated any claim against Atascadero State Hospital as an entity, and he has not alleged any facts showing that particular named Defendants caused actual violations. See, e.g., Redman v. County of San Diego, 942 F.2d 1435,

1439-40 (9th Cir. 1991)(en banc).  Specifically, Plaintiff has not alleged facts supporting a claim that any of the named defendants denied him medical care in retaliation for specific instances in which Plaintiff exercised his First Amendment rights by suing Atascadero State Hospital.

Furthermore, Plaintiff has not shown either that any of the named defendants personally acted to deny him medical care, or that the denial in question amounted to deliberate indifference to a serious medical need in violation of the Eighth Amendment.  See, e.g., Farmer v. Brennan, 511 U.S. 825, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). An Eighth Amendment conditions of confinement violation has both an objective component ("Was the deprivation sufficiently serious?") and a subjective component ("Did the officials act with a sufficiently culpable state of mind?").  Wilson v. Seiter, 501 U.S. 294, 298, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991).  To meet the objective component, "a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." Farmer, 511 U.S. at 834.  To meet the subjective component, the official must have acted with at least deliberate indifferent to an inmate's health or safety.  Wilson, 501 U.S. at 303; Farmer, 511 U.S. at 834.  Neither mere negligence nor gross negligence amounts to deliberate indifference.  Farmer, 511 U.S. at 835-36 & n.4.  Instead, in this context, "deliberate indifference" means that an official knew of and disregarded an excessive risk to inmate health or safety. Farmer, 511 U.S. at 837 ("the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference").

Finally, as noted above, Plaintiff has not made clear whether he

is in custody as a convicted prisoner, in which case an Eighth Amendment standard applies to his claim for denial of medical care, or is at Atascadero State Hospital on some other basis (e.g. as a pretrial detainee or under a civil commitment), in which case a somewhat different Fourteenth Amendment standard applies.

Accordingly, Plaintiff's Complaint is subject to dismissal for failure to state a claim against the named defendants under either the First Amendment or the Eighth Amendment. Nevertheless, in light of the liberal policies governing amendment of pro se pleadings, Plaintiff will be given an opportunity to amend the complaint in order to state a cognizable constitutional claim against a proper defendant.

**ORDERS:**

It is therefore **ORDERED** as follows:

1. The Complaint is dismissed with leave to amend.

2. On or before November 18, 2011, Plaintiff may file a "First Amended Complaint" which corrects the defects discussed above and complies with the following requirements:

(a) The "First Amended Complaint" must bear the present case number "CV 11-6543-PSG(CW)."

(b) It must be complete in itself and may not incorporate by reference any part of any other complaint.

(c) Plaintiff may not use "et al." in the caption on p. 1, but must name in the caption each defendant against whom claims are stated in the First Amended Complaint. (The clerk uses the caption to make sure that defendants are correctly listed on the docket.)

3. If Plaintiff files a timely amended complaint, the court will issue further orders as appropriate; if not, the magistrate judge will recommend that this action be dismissed, without prejudice, for

failure to prosecute and/or failure to comply with court orders, as well as for the reasons stated above.

    4.   The clerk shall serve this Memorandum and Order on Plaintiff.

DATE: October 18, 2011

*Carla M. Woehrle*
_____
    CARLA M. WOEHRLE
United States Magistrate Judge